**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHIRLEY HERNDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-96-TCK-FHM |
| ) | |
| AMERICAN COMMERCE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 11).

**I.    Background**

On February 2, 2009, Plaintiff filed this action in the District Court for Tulsa County, Oklahoma, alleging that Defendant "unfairly, wrongfully, and intentionally" denied her claim for uninsured motorist ("UM") coverage, thereby breaching the insurance contract and committing the tort of bad faith. (Pet. ¶¶ 6-7.) Plaintiff further alleges that she is entitled to punitive damages. As to the amount of damages sought, the Petition seeks judgment against Defendant "for contractual, actual, and punitive damages in an amount to exceed $10,000." (*Id.* at claim for relief.) On February 24, 2009, within thirty days of commencement of the action, Defendant filed a Notice of Removal ("Removal Notice"), alleging that federal jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Plaintiff moved to remand, challenging Defendant's assertion that the amount in controversy exceeds $75,000.

**II.     Standard**

A civil action is removable only if the plaintiffs could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *See Basso v. Utah Power & Light, Co.*, 495 F.2d 906 (10th Cir. 1974). As such, the Court strictly construes the removal statute and, as a general matter, must resolve all doubts against removal. *See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

The "amount in controversy" has been recently defined by the Tenth Circuit as "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "[T]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "Where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by the underlying facts." *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003); *see also* N.D. Okla. LCvR 81.3 (stating that where face of the state court petition "does not contain an express damages clause as to at least one claim asserted by at least one plaintiff, in an amount exceeding $75,000 (exclusive of interest and costs), the notice of removal shall include either: [1] A particularized statement of facts upon which the jurisdictional amount is based set forth in accordance with applicable law; or [2] With respect to at least one plaintiff in the

2

state court action, either a response by such plaintiff to an interrogatory or interrogatories as to the amount in controversy or an admission by such plaintiff in response to a request for admission").

A defendant bears the burden of proving these "underlying facts" supporting the assertion that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See McPhail*, 529 F.3d at 955. The Tenth Circuit recently clarified that, although a defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it possible that $75,000 [is] in play," "[i]t is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *Id.* (adopting Seventh Circuit's reasoning in *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 540-43 (7th Cir. 2006)).[1] Therefore, if a defendant proves the necessary jurisdictional facts by a preponderance of the evidence, any uncertainty about whether the plaintiff can prove his claim or whether damages will ultimately exceed the threshold amount does not justify dismissal or remand. *Id.* Instead, "once [] underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954.

---

[1] Clarification was necessary because the Tenth Circuit previously held that a defendant must "establish the jurisdictional amount by a preponderance of the evidence." *See Martin*, 251 F.3d at 1290. Indeed, relying on *Martin*, this Court had consistently required removing defendants to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See, e.g., Tulsa Foods, Inc. v. Wal-Mart Stores, Inc.*, No. 06-CV-279-TCK-PJC, 2007 WL 649347, at * 4 (stating that "[t]he defendant's burden is to prove the existence of *the amount in controversy* by at least a preponderance of the evidence") (emphasis added) (citing *Martin*). In *McPhail*, the court explained that "[i]t would have been more precise to say [in *Martin*] that the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play, which the defendants in *Martin* failed to do." *See McPhail*, 529 F.3d at 955.

3

Recognizing the dilemma of proving jurisdictional facts "at a stage in the litigation when little actual evidence is yet available," the Tenth Circuit offered examples of means by which a defendant can satisfy its burden of proof "in the absence of an explicit demand for more than $75,000." *Id.* at 955. "First, the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *Id.* "Second, beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." *Id.* at 956. The Tenth Circuit described the second method as "summary-judgment-type evidence." *Id.* "For example, where a defendant has allegedly breached a contract and the plaintiff seeks damages in an indeterminate amount, a defendant might support jurisdiction by attaching a copy of the contract, valued at more than $75,000, to the notice of removal." *Id.* Third, "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *Id.* These three examples provided by the Tenth Circuit are not the exclusive methods of proof. According to the Seventh Circuit's decision in *Meridian*, relied upon in *McPhail*, the "proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant)." *Meridian*, 529 F.3d at 541-42 (quoted with approval in *McPhail*).

The Court has reviewed all Northern District of Oklahoma decisions interpreting and applying *McPhail*. None are published. In most cases, courts granted motions to remand because the defendant failed to overcome the initial hurdle of alleging and proving, either in its removal

4

notice or through attached summary-judgment-type evidence, sufficient jurisdictional facts to establish an estimate of the amount that would be put at issue in the litigation. *See, e.g., Saffle v. Oil Field Pipe & Supply Co.*, No. 09-CV-327-CVE, 2009 WL 1606519, at * 3 (N.D. Okla. June 8, 2009) (unpublished) (petition alleged negligence and loss of consortium and requested compensatory and punitive damages in excess of $10,000) (holding that defendant had not undertaken any economic analysis of plaintiffs' claims and plaintiffs' petition did not independently establish amount in controversy); *Patterson v. State Farm Mutual Auto. Ins. Co.*, No. 09-CV-110-CVE, 2009 WL 1457737, at * 7 (N.D. Okla. May 21, 2009) (unpublished) (petition alleged bad faith and punitive damages, contract damages were not at issue) (holding that $50,000 policy limit on UM coverage did not provide reasonable estimate of bad faith and punitive damages claims; therefore, in absence of other supporting evidence, bad faith and punitive damages had estimated values of $10,000 each, as alleged in the petition); *Garner v. Equilon Pipeline Co.*, LLC, No. 08-CV-777-CVE, 2009 WL 661399, at * 4 (N.D. Okla. March 12, 2009) (unpublished) (petition alleged breach of contract and bad faith) (holding that notice of removal's statement that contract had monetary value of $150,000 did not satisfy *Laughlin* because such statement "does not give any indication of what amount is owed under the contract, whether any amount has been paid, or if the full amount of the contract is actually in dispute"); *Treat v. Thermoguard Equip., Inc.*, No. 08-CV-318-GKF, 2008 WL 4453104, at * 1-2 (N.D. Okla. Sept. 29. 2008) (unpublished) (petition alleged that machinery manufactured by defendant crushed the plaintiff's arm; plaintiff sought expenses for hospitalization, lost wages, lost earning capacity, and punitive damages) (holding that defendant did not satisfy its "initial burden" of "proving jurisdictional facts showing that the case implicates more than $75,000" because "[n]either the Petition nor supporting documents sufficiently inform[ed] the Court of the

extent of Mr. Treat's arm injury or the length of his hospitalization" and because defendant offered only "conclusory statements" regarding punitive damages). Thus, in absence of express demands in a petition or discovery responses, courts in this district continue to require a particularized statement of facts supporting the assertion that the amount in controversy requirement is satisfied.

In the only case retaining federal jurisdiction, the plaintiff brought claims for breach of contract, bad faith, and punitive damages based on the defendant's denial of an insurance claim for medical benefits. The court found that the defendant proved jurisdictional facts, by a preponderance of the evidence, showing that the amount in controversy (*i.e.*, an estimate of the value of plaintiff's claims) exceeded $75,000. *See Lindley v. Life Investors Ins. Co. of Am.*, No. 08-CV-379-CVE, 2008 WL 4525423, at * 6 (N.D. Okla. Oct. 2, 2008) (unpublished). In that case, the Court relied on the following facts: (1) the amount of unpaid insurance claims – $35,981.18;[2] (2) an affidavit estimating that an award of attorney fees would be $45,000, where such fees were mandatory if plaintiff prevailed and plaintiff did not dispute amount of estimated award; and (3) punitive damages, which the court estimated at $10,000 because the defendant failed to offer any underlying facts supporting a greater estimate. *Id.* at * 5-6.

After close analysis of *McPhail* and Northern District of Oklahoma cases applying *McPhail*, this Court interprets *McPhail* to require a removing defendant to meet the initial hurdle of: (1) "'establish[ing] what the plaintiff stands to recover'" by providing a factually supported "'estimate'" of the total value of plaintiff's claims; and (2) proving any "contested factual allegations that support

---

[2] The plaintiff submitted an affidavit attempting to limit his contract damages to a lesser amount, based on his belief that some of his damages were barred by the statute of limitations. *See id.* at * 4. The court rejected this as an impermissible "post-removal attempt to limit [] damages for the sole purpose of defeating federal jurisdiction." *Id.*

the estimate" by a preponderance of the evidence. *McPhail*, 529 F.3d at 954 (quoting *Meridian*, 441 F.3d at 541-42). Then, "'the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.'" *Id.* (quoting *Meridian*, 441 F.3d at 542).

**III.   Analysis**

In this case, the Petition seeks judgment against Defendant "for contractual, actual, and punitive damages in an amount to exceed $10,000," and does not contain an express demand in excess of the jurisdictional amount. (Pet. at claim for relief.) The Removal Notice filed by Defendant relies exclusively on the jurisdictional facts set forth in the Petition to reach an estimate of the amount in controversy. The Removal Notice provides:

> The petition alleges Plaintiff was injured in an automobile accident. It further alleges she had $50,000 in [UM] coverage with [Defendant], but [Defendant] breached its contract with Plaintiff in failing to pay the benefits to her. In addition to the breach of contract claim, the petition also alleges [Defendant's] failure to pay the benefits constituted insurance bad faith, and seeks damages for the same. In addition to breach of contract damages and insurance bad faith damages, the petition further seeks punitive damages. While Plaintiff's request for punitive damages is not specific enough to discern which category of punitive damages she seeks, even under the lowest category, at least $100,000 may be awarded. *See* Okla. Stat. Tit. 23, § 9.1. The petition states Plaintiff suffered severe injuries. Further, Defendant understands that Plaintiff is claiming alleged injuries including fractured ribs, a fractured back, a shattered heel, and ten days in the intensive care unit.[3]

(Removal Notice, ¶¶ 1-4 (footnote added).) Defendant did not attach any evidence or engage in further economic analysis of the underlying facts in its Removal Notice. Nor did Defendant provide an "estimate" of the total amount in controversy. In her motion to remand, Plaintiff argued that the full $50,000 policy limit was not sought in the Petition and is not in controversy as to the breach of contract claim because Defendant had, prior to the lawsuit being filed, offered $25,000 in coverage.

---

[3] This statement of Defendant's "understanding" is not supported by medical records, discovery responses, or other attached evidence.

Attached to its response brief, Defendant submitted two documents entitled, "Claims Management System Display Draft" ("Defendant's Check Reports"), which purport to show that a $25,000 check issued to Plaintiff by Defendant has not yet cleared. (*See* Def.'s Resp. to Mot. to Remand 3 n.1 (explaining that check tendered for UM benefits "has never been negotiated"); *see also* Ex. 2 (showing "draft status" of $25,000 check as "issued"); Ex. 1 (showing "draft status" of $2,000 check issued same date as "cleared").)

Therefore, Defendant's removal is based on the following jurisdictional facts: (1) Plaintiff's UM coverage totals $50,000 (*see* Pet., ¶ 4); (2) the total $50,000, rather than merely $25,000, is at stake on Plaintiff's breach of contract claim (*see* Defendant's Check Reports, Def.'s Resp. to Mot. to Remand at Exs. 1 and 2); (3) Plaintiff seeks damages for bad faith (*see* Pet. ¶¶ 7-8); and (4) Plaintiff seeks punitive damages (*see* Pet. "wherefore" paragraph). The first, third, and fourth facts are not disputed. The second fact is disputed by Plaintiff, although not by any documentary evidence.

The Court concludes that remand is proper because Defendant has not overcome the initial hurdle of providing the Court with a reasonable estimate of Plaintiff's claims based on the underlying jurisdictional facts. First, the Court finds that Defendant has not proven by a preponderance of the evidence that the full $50,000 is "in play" as to the breach of contract claim. Contrary to Defendant's characterization, the Petition does not state that it seeks $50,000 in contractual damages. It merely states that Plaintiff "purchased $50,000" in UM coverage and then states that it seeks in excess of $10,000 as to all claims. The Removal Notice's characterization of the Petition as alleging that Defendant failed to "pay the benefits to her" is misleading in that the

8

Petition does not allege anywhere that the entire policy limit is owed.[4] With respect to Defendant's Check Reports, Defendant did not provide an affidavit from a custodian of records explaining these reports or any significant discussion of such reports in its brief. (*See* Def.'s Resp. to Pl.'s Mot. to Remand 3 n.1 (only discussion of reports in footnote).) Even assuming these reports actually show that Plaintiff has not cashed the $25,000 check, they do not prove by a preponderance of the evidence the "jurisdictional fact" that the full $50,000 is at stake on the contract claim. Instead, the reports potentially show the opposite – that $25,000 of the $50,000 policy amount is not genuinely in controversy and will not be included in any judgment obtained. There are many reasons a plaintiff may delay cashing of such a check from an insurance company, and the mere fact that a check has not cleared the bank does not establish that the full $50,000 is actually in play. In short, the Petition does not allege that $50,000 is the amount sought on the contract claim, and the evidence presented by Defendant does not establish that $50,000 is sought on the contract claim. Instead, the Petition and evidence indicate that only $25,000 is genuinely in controversy as to such claim.

Second, it is not disputed that Plaintiff seeks actual damages for bad faith and that such damages are considered extra-contractual tort damages under Oklahoma law. However, contrary to *Laughlin* and *McPhail*'s requirements, Defendant has not provided any economic analysis of the underlying facts supporting the bad-faith claim. The only statement in the Petition regarding the bad-faith claim is that Defendant's denial was unfair, wrongful, and intentional. In contrast to the facts presented in the *Gulley* case cited by Defendant, there is nothing alleged in the Petition that

---

[4] In fact, based on Defendant's Check Reports, it appears that Plaintiff had received the $25,000 offer at the time the Petition was filed, which supports Plaintiff's argument that the full amount of the contract was not conclusively sought when the Petition was filed.

9

would tend to show *how* the denial was wrongful or otherwise prove the value of this claim. *See Gulley v. Farmers Ins. Group*, No. 08-0401-F, 2008 WL 2166733, at * 2 (W.D. Okla. May 21, 2008) (unpublished) (holding that the plaintiff had alleged, "with at least some particularity, the conduct that supports her bad faith claim" by alleging that she made "repeated requests for an evaluation of her claim" but that defendant failed to "provide such an evaluation or pay the claim"). Neither the Petition or the Removal Notice provide the Court with any similar particulars regarding the basis for Plaintiff's assertion that her claim was denied in bad faith. In such circumstances, Defendant has failed to prove such claim's potential value for purposes of establishing an estimate of the amount that will be at issue in this litigation. *See Patterson*, 2009 WL 1457737, at * 7 (holding that, in absence of reasonable estimate of bad faith claim supported by underlying facts, such claim had value of $10,000, as alleged in petition).

Finally, it is not disputed that punitive damages are sought and that Oklahoma law allows recovery for punitive damages in an amount not to exceed the greater of $100,000 or the amount of actual bad-faith damages. *See* Okla. Stat. tit. 23, § 9.1(B)(2)). The general rule is that punitive damages may be considered in arriving at the total amount in controversy. *See Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1198 (N.D Okla. 2004). Again, however, Defendant has failed to provide any economic analysis that would assist the Court in estimating the potential value of the punitive damages claim. Cases in this district hold that a defendant must offer more than a "conclusory statement" that punitive damages are sought under Oklahoma law and that such law authorizes recovery in excess of the jurisdictional amount. *See id.* at 1200*; Patterson*, 2009 WL 1457737, at * 7 (holding that, in absence of reasonable estimate of punitive damages claim supported by underlying facts, such claim had estimated value of $10,000, as alleged in petition);

10

*Treat*, 2008 WL 4453104, at * 2 (ignoring claim for punitive damages in reaching estimate of amount in controversy because defendant did not provide economic analysis of underlying facts supporting such claim); *DKNP, LLC v. Hartford Cas. Ins. Co.*, No. 06-CV-532-JHP, 2007 WL 120726, at * 3-4 (N.D. Okla. Jan. 10, 2007) (unpublished) (holding that defendant failed to provide any underlying facts supporting its assertion that a punitive damage claim exceeded $75,000 where defendant merely asserted that the maximum potential recovery under Oklahoma law exceeded $75,000); *Lightle v. Hartford Ins. Co. of Midwest*, No. 06-CV-140-CVE, 2006 WL 1047061, at * 2 (N.D. Okla. April 19, 2006) (unpublished) (holding that "conclusory statements regarding punitive damages are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount"); *Ferguson v. Progressive Direct Ins. Co.*, No. 06-CV-446-CVE-FHM, 2006 WL 2571853, at * 3 (N.D. Okla. Sept. 5, 2006) (unpublished) (finding that the defendant's "conclusory statements" regarding punitive damages that were not supported by any "underlying facts" did not constitute an analysis of the alleged damages as contemplated by *Laughlin*). "To hold otherwise would require [courts] to conclude that every civil action asserting a punitive damages claim under Oklahoma law necessarily satisfies the amount in controversy requirement . . . simply because the maximum potential recovery exceeds $75,000." *DKNP, LLC*, 2007 WL 120726, at * 4. In this case, the Petition provides no specific facts in support of the punitive damages claim, and the Removal Notice offers nothing more than the Petition's assertion of a punitive damages claim. This type of conclusory assertion by Defendant does not allow the Court to attach any greater value to the punitive damages claim than that sought in the Petition.

Based on the Petition and Removal Notice, Defendant has failed to provide the Court with any type of reasonable estimate of Plaintiff's claims and has failed to establish jurisdictional facts

11

that would support a finding that the amount in controversy requirement is satisfied. At most, Defendant has established by a preponderance of the evidence that $25,000 is at stake on the breach of contract claim. Defendant has failed to provide any reasonable estimation of what is at stake as to the remaining claims for bad faith or punitive damages, and the Petition seeks only in excess of $10,000 as to such claims. Accordingly, Defendant has not "affirmatively establish[ed] jurisdiction by proving jurisdictional facts that ma[k]e it possible that $75,000 [is] in play" in this litigation. *See McPhail*, 529 F.3d at 955.

Plaintiff's Motion to Remand (Doc. 11) is GRANTED. The Court Clerk is directed to REMAND the case to the District Court for Tulsa County.

**ORDERED this 19th day of August, 2009.**

_____
**TERENCE KERN
UNITED STATES DISTRICT JUDGE**